UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSEPH PERILLI

   Petitioner,

                    MEMORANDUM & ORDER
- against -                04-CV-4430 (NGG)


UNITED STATES OF AMERICA,

   Respondent.
----------------------------------------------------------X
GARAUFIS, United States District Judge.

   Petitioner Joseph Perilli has moved pursuant to 28 U.S.C. § 2255 for a writ of habeas corpus vacating his January 22, 2004 conviction for conspiracy to commit violence in aid of racketeering (18 U.S.C. § 1959). Perilli entered a guilty plea pursuant to an agreement with the government. In Paragraph 4 of this agreement, Perilli stipulated that he would not "file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a term of imprisonment of 27 months or below." See Plea Agreement, attached as Ex. A to Gov't Br. On April 16, 2004, I sentenced Perilli to a fifteen month term of imprisonment, to be followed by a one-year period of supervised release.

   Perilli now asserts that the government has made false representations to the court about the evidence that would have been available at trial and about Perilli's criminal history. Pet. Br. ¶¶ 10-13. Additionally, Perilli contends that he was coerced into accepting his guilty plea because he was "continuously threatened by both government counsel and defense counsel alike that should petitioner choose to assert his right to a jury trial, that petitioner would be [sic] superseded with drug trafficking charges and possibly other charges." Id. ¶ 14. Finally, Perilli

1

asserts that the government committed "gross prosecutorial misconduct" by withholding discovery materials from him until it was too late for him to review them before accepting his plea. Id. ¶¶ 21-22.

Perilli's application for habeas relief is squarely foreclosed both by his agreement not to "appeal or otherwise challenge the conviction" and his failure to raise his claims on direct appeal. Accordingly, Perilli's petition is dismissed.

## I. Perilli's Waiver of His Right to Appeal Bars This Claim

Perilli appears to recognize that he waived his right to bring this petition in his plea agreement with the government. However, he now contends that this agreement was ineffective because the actions of the government and his defense attorney combined to coerce him into pleading guilty and accepting the attendant waiver of his right to seek direct and collateral relief from his conviction. Perilli's contentions are meritless.

### A. The Government's Actions

Perilli's claim that his plea agreement, and thus his waiver of his right to appeal was not made "knowingly and voluntarily" because of pressure tactics employed by the government is without merit. It is firmly established that a prosecutor may threaten in the course of negotiating a plea bargain to bring additional charges against a defendant if the defendant does not enter a guilty plea "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute." Bordenkircher v. Hayes, 434 U.S. 357, 364-65 (1978). In his brief, Perilli concedes that Salanardi had told the government that Perilli was involved in the Luchese Family's cocaine dealings. Pet. Br. ¶ 14. Perilli describes these allegations as "concoctions." Pet. Br. ¶ 31. However, Salanardi's attestation as to Perilli's involvement clearly

provided the government with probable cause to charge Perilli with drug-related offenses. The prosecutor's threat to supersede the indictment to add drug offenses against Perilli therefore did not violate the Due Process Clause, and did not render the defendant's plea involuntary under governing law.

Perilli also urges that his plea was not knowingly and voluntarily entered because "petitioner's relevant discovery materials were withheld from him throughout the pre-trial phase of petitioner's detention and in fact it was only after petitioner pled guilty that petitioner received such pertinent discovery to his case." Pet. Br. ¶ 21. I doubt that this contention, even assuming its factual accuracy, has any bearing on the question whether Perilli's waiver of his right to appeal was effective.

I understand Perilli's claim to be that his plea was not "knowingly" made because he did not "know" the contents of all of the government's intercepted recordings, and thus did not "know" as much about the government's evidence as he was entitled to when he surrendered his right to jury trial and appeal. The only relevant question for this court, however, is whether Perilli understood the admission he was making, the rights he was forgoing, and the combined consequences of those decisions at the time he entered his plea. Perilli signed the plea agreement in which he surrendered these rights, and clearly expressed at his plea hearing that he understood the choice that he was making in accepting the government's plea agreement. Further, Perilli does not argue now that he misperceived in any way the agreement that he entered into with the government. Therefore, Perilli knowingly entered his guilty plea.

In any event, Perilli now claims to have reviewed the recordings that he did not have access to prior to his plea, and has not identified a single statement that the government had an

obligation to disclose to his attorney under Fed. R. Crim. P. 16 or the Brady or Giglio doctrines and failed to disclose. Nor does Perilli identify a single statement in these recordings that casts doubt on his guilt, or which would have provided a significant opportunity to impeach the key witness against him.[1] I therefore see no connection between the government's alleged misfeasance in withholding discovery materials and the issue actually before the court—whether Perilli knowingly waived his trial and appeal rights in pleading guilty.

B.      Defense Counsel's Actions

Perilli's suggestion that his defense counsel's advice that he accept the proffered plea was unduly coercive is also without foundation. Perilli alleges that his trial counsel warned him that a jury would be likely to believe the accusations that Salanardi lodged against him, and that he should therefore accept the plea offer to avoid an extended period of incarceration. Id. ¶ 15. Perilli also alleges that his counsel also shared this analysis with Perilli's mother, "thereby greatly upsetting petitioner's mother and placing additional pressure to simply [sic] plea out to this far lesser charge despite his contention of being innocent." Id. ¶ 20. Perilli also contends that his attorney threatened to withdraw from the case if he did not accept the government's plea offer, suggesting that Perilli would not be able to pay his fee for taking the case to trial and that "it would therefore make greater financial sense to simply accept the government's proposition

---

[1] Perilli does suggest that the contents of a conversation between Vincent Salanardi and Frank De Cola would have helped his defense by demonstrating that he had possessed a desire to assault a high-ranking member of the Luchese crime family, thus refuting the government's contention that he committed the act of violence with which he was charged due to his interest in maintaining his relationship with another member of that same crime family. Pet. Br. ¶¶ 26-27. This inferential proposition is hardly ironclad. Moreover, the government's obligation to disclose these statements, which do not exculpate Perilli, would not have attached until that witness testified on direct examination at trial. See 18 U.S.C. § 3500.

4

and plead guilty." Id.

Perilli's first two contentions are obviously frivolous. A defense attorney's recommendation that his client accept a plea offer in order to avoid the consequences flowing from a conviction at trial, even if emphatically delivered, does not constitute coercion. To the contrary, Perilli's counsel, Harry Batchelder, had an obligation to advise his client on whether to accept the plea in the face of the evidence and testimony that it appeared the government could offer, and to explain his rationale for offering that advice. The fact that Batchelder also communicated his recommendation to Perilli's mother is likewise unproblematic. Defense lawyers often keep anxious family members informed about the choices facing their loved ones, and the letter from Batchelder to Perilli's mother (attached as Exhibit B to Pet. Br.) demonstrates that Perilli's mother chose to be actively involved in his defense. In any event, Perilli's mother's understandable filial anxiety about the prospect that her son might face five years or more in jail if convicted by a jury does not convert Perilli's plea into the product of undue coercion.

Perhaps less overtly frivolous, but still entirely without merit, is Perilli's contention that Batchelder's threat to withdraw if Perilli decided to go to trial coerced him into accepting a guilty plea. A lawyer may request that the court relieve him from representing a defendant in an ongoing matter where the defendant "[i]nsists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law" or "[b]y other conduct renders it unreasonably difficult for the lawyer to carry out employment effectively." 22 NYCRR 1200.15[c][1][i], [iv]. See also Bankers Trust Co. v. Hogan, 187 A.D.2d 305 (N.Y. App. Div., 1st Dept. 1992) (attorney may be permitted to withdraw where a defendant has "rendered it unreasonably difficult for [the

attorney] to carry out its employment effectively by continually questioning [the attorney's] work and blaming it for adverse decisions. . . insisting that [the attorney] pursue legal theories and arguments at trial directly contrary to law and counsel's professional judgment, and in short, exhibiting a total lack of trust and confidence in [the attorney].")

It is clear both from Perilli's recitation of the facts and from the correspondence between Batchelder and Perilli's mother referenced above, that Batchelder believed that it would have been foolish for Perilli to go to trial in this case, and that this belief had strained his relationship with Perilli and his family. According to the ethical standards governing lawyers practicing in New York State, Batchelder therefore would have been able to make an application to withdraw in good faith as Perilli's counsel, and was well within his rights when he allegedly informed Perilli that he would withdraw if Perilli persisted in his plan to test his luck at trial. Accordingly, Batchelder's alleged suggestion that he would withdraw from the case was not improperly coercive, even if it encouraged Perilli to reconsider his prior intention to exercise his right to a jury trial.

Having resolved that Perilli's guilty plea was knowingly and voluntarily made, it is quickly apparent that Perilli's waiver of his right to appeal his conviction and sentence if sentenced within an agreed Sentencing Guidelines range must be enforced. United States v. Yemitan, 70 F.3d 746, 748 (2d Cir. 1995); United States v. Salcido-Contreras, 990 F.2d 51, 51 (2d Cir. 1993) (citing United States v. Rivera, 971 F.2d 876, 896 (2d Cir. 1992)). A knowing and voluntary waiver of a right to appeal constitutes a waiver to relief under 28 U.S.C. § 2255. Defex v. United States, No. 97 Civ. 1891, 1998 WL 812572, at *1-2 (E.D.N.Y. May 19, 1998) ("Having expressly waived appellate review, he cannot now obtain under 28 U.S.C. § 2255

6

collateral review" on the ground that the sentence was improperly calculated). This is doubly so in this case because Perilli explicitly waived not only his right to appeal, but also any right to "otherwise challenge the conviction or sentence." This clause obviously contemplates actions such as a habeas petition brought under § 2255, and Perilli does not argue otherwise. Having thus waived his right to collaterally attack his conviction under § 2255 in the Plea Agreement, Perilli may not now seek relief via this avenue.

## II. Perilli's Claim is Procedurally Barred

Even if Perilli's petition were not barred by the waiver provision contained in his plea agreement, it would have to be dismissed because Perilli did not raise this claim, or any other, on direct appeal. A litigant seeking to challenge his sentence or conviction under a § 2255 petition must navigate between two perilous shoals. First, he is barred from relitigating any claims on collateral review that were raised and considered on direct appeal. United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997). However, he is also barred from litigating any issue that was not raised on direct review unless he can show that there was cause for failing to raise the issue, and prejudice resulting therefrom. United States v. Pipitone, 67 F.3d 34, 39 (2d Cir. 1995). Perilli did not file a direct appeal, and his time to do so has now expired. Therefore, he is procedurally barred from raising any claim at this juncture unless he can vault both the cause and prejudice hurdles of the governing standard.

Perilli has not presented any justification for his failure to raise his claim on direct appeal, and thus stumbles over the first barrier. The most likely reason that he did not do so is that he explicitly waived his right to appeal, as discussed above. Such a waiver cannot constitute cause excusing a petitioner's failure to raise a claim on direct appeal. Garcia-Santos v. United States,

273 F.3d 506, 508 (2d Cir. 2001). Perilli's claim that the facts he admitted to at his plea hearing are insufficient to support his conviction is therefore procedurally barred even if Perilli retains some right to collateral review that survived the explicit waiver of that right in his plea agreement.

**III. Conclusion**

For the reasons set forth above, Perilli's petition for a writ of habeas corpus is denied. Because Perilli waived his right to bring a petition of this kind, and because the sole claim raised in his petition is procedurally barred in any event, I do not reach the merits of Perilli's claim that the facts he admitted at his plea hearing do not satisfy an essential element of 18 U.S.C. § 1959, and that his conviction therefore should be vacated. A certificate of appealability shall not issue. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: May 17, 2005 \_\_\_\_\_/s/_____
      Brooklyn, N.Y.                            Nicholas G. Garaufis
                                                      United States District Judge