UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSEPH PERILLI

       Petitioner,

   - against -

UNITED STATES OF AMERICA,

       Respondent.
----------------------------------------------------------X
GARAUFIS, United States District Judge.

<u>ORDER</u>
04-CV-4430 (NGG)

      Petitioner Joseph Perilli, in a *pro se* motion dated June 7, 2005, has asked this court reconsider its May 17, 2005 Memorandum and Order ("May 17 Order") dismissing Perilli's petition for a writ of habeas corpus. Perilli's motion for reconsideration is granted, as he has alerted the Court that an issue presented as an alternate basis for dismissal in the Court's May 17 Order may have been decided incorrectly. However, because Perilli's petition is procedurally barred due to his failure to raise his claims on direct appeal, this court is still required to dismiss Perilli's petition without reaching the merits of his claims. I therefore decline to reopen Perilli's case or to issue a certificate of appealability.

      Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3. Motions for reconsideration submitted pursuant to these rules are analyzed under a single, uniform standard. <u>Dellefave v. Access Temps., Inc.</u>, 2001 U.S. Dist. LEXIS 3165, No. 99 Civ. 6098, 2001 WL 286771, at *2 (S.D.N.Y. Mar. 22, 2001). A motion for

1

reconsideration may be granted only on the grounds that the Court overlooked (1) factual matters that were put before it on the underlying motion or (2) controlling legal authority. See Fed. R. Civ. P. 59(e); Local Rule 6.3; Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000). A motion for reconsideration "is not simply a second opportunity for the movant to advance arguments already rejected." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). Rather, such a motion may be granted only in "extraordinary circumstances," United States v. Bank of New York, 14 F.3d 756, 759 (2d Cir. 1994), such as to "correct a clear error or prevent manifest injustice." Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983).

Here, Perilli argues that because his petition contests the court's jurisdiction to enter sentence and judgment in his case, his right to file such an appeal survived the explicit waiver of his appellate rights contained in his plea agreement with the government. The May 17 Order rejected that contention, concluding, without reaching the question of whether challenges to jurisdiction may be waived, that because Perilli's waiver was entered into knowingly and voluntarily, Perilli's petition for habeas relief was barred by that waiver. Perilli now renews his argument that the validity of the appellate waiver is immaterial because the substance of his claim is that the jurisdictional element of the statute under which he was convicted, 18 U.S.C. § 1959, was not met by the facts to which he allocuted at his plea hearing. In support of this claim, Perilli has identified a Supreme Court case standing for the proposition that challenges to jurisdiction are not waived by the entry of a guilty plea. Menna v. New York, 423 U.S. 61, 62 (1975). See also United States v. Moloney, 287 F.3d 236, 239 (2d Cir. 2002); United States v. Rodia, 194 F.3d 465, 469 (3rd Cir. 1999); United States v. Ventre, 338 F.3d 1047, 1051 (9th Cir.

2003). But see United States v. Romeu, 117 Fed. Appx. 827, 828, 2004 WL 2904746, at *2 (3rd Cir. 2004) (express waiver of appellate rights bars appellate consideration of jurisdictional claims where government seeks to enforce waiver). These cases directly conflict, in the circumstances of the present case, with the equally well-established principle that where a defendant has explicitly waived rights in return for valid consideration by the government, the plea agreement should be enforced to the letter by the courts. See, e.g., United States v. Yemitan, 70 F.3d 746, 748 (2d Cir. 1995); United States v. Salcido-Contreras, 990 F.2d 51, 51 (2d Cir. 1993) (citing United States v. Rivera, 971 F.2d 876, 896 (2d Cir. 1992)); Defex v. United States, No. 97 Civ. 1891, 1998 WL 812572, at *1-2 (E.D.N.Y. May 19, 1998).

This conflict need not be resolved in order to decide this case, however. This court also determined in the May 17 Order that Perilli's claims are procedurally barred because Perilli failed to raise them on direct appeal. Perilli has not contested this finding or identified any issue of law or fact that would permit this court to reconsider that portion of its May 17 Order. As discussed in the May 17 Order, the procedural bar flowing from Perilli's failure to present a direct appeal to the United States Court of Appeals for the Second Circuit requires dismissal here even if Perilli's petition is not barred by the waiver of appellate rights contained in his plea agreement. Accordingly, it is unnecessary for me to decide whether a habeas petitioner may present a jurisdictional challenge to his conviction despite having explicitly waived his right to bring a direct or collateral appeal.

This case shall remain closed. A certificate of appealability shall not issue, as the non-frivolous issue raised by Perilli is immaterial to the ultimate ground for the dismissal of this petition.

SO ORDERED.

Dated: July 14, 2005 \_\_\_\_\_/s/_____
      Brooklyn, N.Y. Nicholas G. Garaufis
                                               United States District Judge